NOGUERAS, NÉE ALVAREZ, PLAINTIFF AND APPELLEE, v. FERNÁN-
DEZ ET AL., DEFENDANTS (GARCÍA, DEFENDANT AND APPEL-
LANT).

APPEAL from the District Court of Humacao in an Action
of Denial of Servitude.

No. 1537.—Decided April 10, 1917.

SERVITUDE—DENIAL OF SERVITUDE—BURDEN OF PROOF.—In an action of denial
of a servitude, after the owner of the servient tenement has. proved his
title the burden is on the defendant to show the existence of the servitude.
ID.—ID.—FINDINGS OF FACT.—When in an action of denial of a servitude the
appellant fails to furnish this court with an analysis of the proof, for
the purpose of overcoming the finding of the lower court that up to the
time of the sale the property had had a single owner and hence that no
question of servitude could arise, and that the said sale took place about
forty years before the trial, which was proved positively by the defend-
ant's own witnesses, the judgment rendered in favor of the plaintiff should
be affirmed.

The facts are stated in the opinion.
*Mr. Francisco González* for the appellant.
*Mr. M. Tous Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The action in this case was to obtain a judicial denial of
the existence of a servitude (*negatoria de servidumbre*). It
is conceded that in such an action, after the servient tenement
has proved the title the burden of proof rests on the defend-
ant to show the existence of the said servitude. The case
went to trial and the court found in favor of the complainant.

The appellant, Carlos García Busó, assigns three errors.
1st. That the court erred in not finding that the defendant
had proved a use of the disputed right of way. 2nd. That
the court misapplied section 547 of the Civil Code. The court,
maintains the appellant, found that he was relying on a verbal
contract where, according to appellant, in fact he was rely-
ing on an immemorial use and merely adduced the oral agree-
ment to show a ratification. 3rd. Under this assignment of
error the appellant concedes that his defence of a way of
necessity to reach the public highway was not tenable in this

kind of action if he relied on such bare necessity, but he maintains that the existence of such a necessity in itself shows such an immemorial use.

In the ultimate analysis all three of these assignments of error depend upon the question of whether the proof in point of fact tended to show such an immemorial use. Appellee cites jurisprudence to show that a time immemorial must be longer than forty years and we have applied that jurisprudence in the case of *Cividanes* v. *Amorós Hermanos,* 8 P. R. R. 558. With regard to the question of fact we may say that the appellant in his brief has furnished us with no analysis of the proof to overcome the finding of the court The latter found that up to the time of the sale in this case the property had had a single owner and hence no servitude could arise, and that the said sale took place about forty years before the date of the trial. This period of about forty years was definitely proved by the defendant's own witnesses and hence we find nothing against the conclusion of the court and the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.